# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| GEORGE L. YOUNG, | ) | Case No. 01-50704 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| U.S. BANK NATIONAL ASSOCIATION, | ) | |
| | ) | |
| Plainitff, | ) | |
| v. | ) | Adv. No. 03-4301 |
| | ) | |
| GEORGE L. YOUNG, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| ALAN MESSINGER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Adv. No. 04-5280 |
| | ) | |
| GEORGE L. YOUNG, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| GRAUF CATTLE FARMS, INC., | ) | |
| JERRY T. GRAUF, and MARY GRAUF, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Adv. No. 04-5311 |
| | ) | |
| GEORGE L. YOUNG, | ) | |
| | ) | |
| Defendant. | ) | |

*(Continued)*

| | |
|---|---|
| JIMMY HAMMOND and DOROTHY HAMMOND,        )<br>)<br>Plaintiffs,        )<br>v.        )<br>)<br>GEORGE L. YOUNG,        )<br>)<br>Defendant.        )<br>            ) | Adv. No. 04-5312 |
| UNITED PRODUCERS, INC.,        )<br>)<br>Plaintiff,        )<br>v.        )<br>)<br>GEORGE L. YOUNG,        )<br>)<br>Defendant.        )<br>            ) | Adv. No. 04-5313 |

## MEMORANDUM OPINION

These adversary proceedings are before the Court on motions for summary judgment filed by the Plaintiffs in each case. The Court has combined these cases for treatment in a single memorandum opinion because all of the Plaintiffs seek determinations that the debts owed to them are nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(2)(B), (a)(4), and (a)(6).[1] All of the Plaintiffs argue that they are entitled to summary judgment as a matter of law by application of collateral estoppel to a Plea Agreement and Judgment ("Criminal Judgment") entered in Debtor George L Young's criminal case adjudicated in the District Court for the Western District of Missouri.[2] The Debtor's consolidated response to the Plaintiffs' motions did not contest any of the Plaintiffs' factual or legal allegations; the only defense raised was that the adversary proceedings and the underlying bankruptcy case should be dismissed because the Court allegedly lacks

---

[1] With the exception of United Producers, Inc., which did not seek a determination of discharge under
§ 523(a)(2)(B) or (a)(4).

[2] Case No. 02-312-01-CR-W-FJG.

jurisdiction.[3]

Upon review of the pleadings, Plea Agreement, Criminal Judgment, and relevant law, the Court determines that the debts (set forth in the Criminal Judgment) owed by the Debtor to the Plaintiffs are excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(2)(B), (a)(4), and (a)(6).[4]

## II. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and 157(a) and(b)(2)(I). The Debtor's challenge to this jurisdiction is without merit.

The Debtor attacks the Court's jurisdiction over this adversary proceeding by attacking its jurisdiction in the underlying bankruptcy case. Without jurisdiction in the bankruptcy case, the Court would, admittedly, be without jurisdiction over these adversary proceedings, but that is not the case. The Court obtained jurisdiction over the bankruptcy case when it entered an order of relief on August 22, 2001, immediately after the Debtor filed his answer to the involuntary petition stating Debtor stated that he consented to the order of relief. The Debtor now argues, however, that his consent to the order of relief is irrelevant because the Court lacked jurisdiction to enter that order, and a defendant cannot waive a subject matter jurisdictional defect.

This is a correct statement of law – that a defendant cannot confer subject matter jurisdiction on a court by consent – but it is inapplicable here. The alleged jurisdictional defect to which the Debtor refers is the prohibition in § 303(a) against commencing an involuntary petition against a farmer, and the Debtor maintains that he was a farmer at the time the order of relief was entered. Regardless of whether the Debtor was in fact a farmer when the order of relief was entered (and the

---

[3] Ironically, if the Court were to accept the Debtor's argument (which it does not), the ultimate result might be even less advantageous for the Debtor, inasmuch as the dismissal of the bankruptcy would deprive Mr. Young of a discharge for all of his debts.

[4] The following Plaintiffs in Adversary No. 04-5280 were not listed in the Criminal Judgment as having incurred damages or due restitution: Robert Brummer, CFZ Cattle, James Eggerling, Marcella Eggerling, Nancy Eggerling, Patricia Ciarrocchi Houchins, Johnson Cattle Co., Dianae Kuchta, Oertwich Farms, Inc., and J.R. Pauley. In the absence of evidence establishing a debt owed to these Plaintiffs, the Court cannot grant summary judgment in their favor at this juncture.

Court harbors serious doubts that he was), cases interpreting 11 U.S.C. § 303(a) on this point have uniformly held that an objection to an involuntary petition on the grounds that the putative debtor is a farmer against whom an involuntary petition cannot be commenced is not jurisdictional but is, rather, an affirmative defense that can be waived.[5] And there is no doubt that the Debtor waived any objection to the order of relief on that or any other non-jurisdictional ground, both expressly – in his answer to the petition for relief – and implicitly, through his active participation in the bankruptcy process. Therefore, the Debtor's challenge to the Court's jurisdiction over these adversary proceedings and the underlying bankruptcy case is rejected.

We now turn to the merits of the motions.

### III. STANDARD OF REVIEW

Summary judgment is appropriate when the matters presented to the Court "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[6] The party moving for summary judgment has the initial burden of proving that there is no genuine issue as to any material fact.[7] Once the moving party has met this initial burden of proof, the non-moving party must set forth specific facts sufficient to raise a genuine issue for trial and may not rest on its pleadings or mere assertions of disputed facts to defeat the motion.[8] The mere existence of a scintilla of evidence in support of the opposing party's position will not be sufficient to forestall summary judgment.[9] In ruling on a motion for summary judgment, "the

---

[5] *See In the Matter of: McCloy*, 269 F.3d 370, 375 (5th Cir. 2002); *In re Frusher*, 124 B.R. 331, 333 (D. Kan. 1991); *Potmesil v. Alexandria Production Credit Ass'n*, 42 B.R. 731, 731 (D. La. 1984); *In re Johnson*, 13 B.R. 342, 346-47 (Bankr. D. Minn. 1981).

[6] Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056; *Celotex v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L .Ed. 2d 265 (1986).

[7] *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 161, 90 S. Ct. 1598, 1611, 26 L. Ed. 2d 142 (1970).

[8] *Matsushita Electric Industrial Co., Ltd., v. Zenith Radio Corp.,* 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (stating that the party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts").

[9] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986).

evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."[10]

### IV. BACKGROUND

Although the Court's file and the record in this case are replete with evidence of the Debtor's fraudulent actions, the instant motions rely entirely on the facts recited in the Criminal Judgment and Plea Agreement. The Criminal Judgment provides a list of the "Total Loss Amount & Restitution Ordered" for the victims of the Debtor's criminal conduct, and the Court accepts that list as evidence of the debt owed to each of the Plaintiffs appearing on the list.[11] The facts set forth in the Plea Agreement are reproduced (verbatim) below:

> Between late 1988 to on or about July 25, 2001, the defendant, acting together and aiding and abetting his business partner, Kathleen I. McConnell, knowingly and intentionally and with the intent to defraud and obtain money made material false and fraudulent representations and promises to financial institutions such as First National Bank of Omaha and U.S. Bank, to individual clients of their businesses, and to business associates such as MFA Livestock Association:
>
> * the defendant represented that the livestock operations companies had the expertise, financial capacity, and industry contacts that consistently resulted in profits for clients when, in truth and fact, George L. Young knew full well that the livestock operations companies were not generating sufficient income to pay their obligations;
>
> * the defendant paid clients rates of return far above industry averages when, in truth and fact, the rates of return paid to clients were not generated by the livestock operations;
>
> * the defendant falsely represented that the inventory of cattle was far higher than it actually was;
>
> * the defendant falsely represented that funds received from clients would be used to purchase cattle and have them fattened for market when, in truth and fact, the money was actually used to cover cash shortfalls, business expenses, and to pay other clients whose cattle had supposedly matured and been sold;

---

[10] *Id.* at 255.

[11] The Plea Agreement also contained a stipulation that the loss suffered by the victims of the Debtor's conduct is approximately $160,000,000, which amount includes the loss suffered by the Plaintiffs in these cases.

5

* the defendant falsely represented on checks drawn on an account owned by MFA Livestock Association that the funds were being used to purchase cattle when, in truth and fact, no cattle were being purchased and the funds were actually used to pay clients for their cattle that had purportedly been sold, but which often never existed;

* the defendant made false representations and concealed material facts from financial institutions such as First National Bank of Omaha and U.S. Bank, by falsely representing in financial documents submitted to those financial institutions that cattle inventories claimed by companies owned by George L. Young and Kathleen I. McConnell, were much higher than they actually were when, in truth and in fact, a substantial portion of the cattle represented as inventory had never been purchased; and

* in furtherance of his scheme and artifice to defraud, during the period of the conspiracy, the defendant falsely represented to clients that cattle they were inspecting in feed lots belonged to the particular client when, in truth and fact, the defendant knew that he was showing the same herds of cattle over and over to different clients because he had not purchased all of the cattle he had received money for. (Plea Agreement, Case No. 02-312-01-CR-W-FJG)

## V. DISCUSSION

The Plaintiffs contend that they are entitled to summary judgment as a matter of law because the facts stated above establish grounds for a determination of nondischargeability under 11 U.S.C. § 523(a)(2)(A), (a)(2)(B), (a)(4), and (a)(6). Under the doctrine of collateral estoppel, the assert, the Debtor cannot re-litigate those facts. The Debtor appears to have conceded this point, inasmuch as the Debtor's only objection to the Plaintiffs' summary judgment motions concerned the jurisdiction of the court.

In the absence of a substantive (*i.e.*, non-jurisdictional) challenge to the Plaintiffs' motions, the Court does not need to engage in a lengthy discussion regarding the application of collateral estoppel principles to the Plea Agreement and Criminal Judgment to establish the elements of § 523(a)(2)(A), (a)(2)(B), (a)(4), and (a)(6). It suffices that upon review of the Plea Agreement and Criminal Judgment, the Court finds that the doctrine of collateral estoppel applies to the findings therein,[12] and those findings warrant entry of summary judgment as a matter of law in favor of the

---

[12] The four requirements of collateral estoppel are: (1) the issues in the present case and the prior adjudication must be identical; (2) the judgment in the prior adjudication must be on the merits; (3) the party against whom collateral estoppel is asserted must have been the same party

Case 04-05311-jwv    Doc 13    Filed 04/01/05    Entered 04/01/05 15:50:52    Desc Main
          Document      Page 7 of 7

Plaintiffs under § 523(a)(2)(A), (a)(2)(B), (a)(4), and (a)(6).

## V. CONCLUSION

For the reasons stated above, the Court will grant summary judgment in favor of the Plaintiffs on all counts and claims alleged. This opinion constitutes the Court's findings of fact and conclusions of law. A separate order will be entered in each adversary proceeding pursuant to Fed. R. Bankr. P. 9021.

**ENTERED** this 1st day of April 2005.

/s/ Jerry W. Venters
HONORABLE JERRY W. VENTERS
UNITED STATES BANKRUPTCY JUDGE

A copy of the foregoing was mailed
conventionally or electronically to:
David A. Domina
Mark V. Bossi
Robert M. Cook
Robert Pummil
James C. Wirken
B. Scott Tschudy

---

or in privity with a party in the prior adjudication; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior suit. *In re Scarborough*, 171 F.3d 638, 641-42 (8th Cir. 1999) (citing *State v. Nunley*, 923 S.W.2d 911, 922 (Mo. 1996)).